UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN TAYLOR AND MICHELLE ROMAK, | § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. |
| vs. | § § | |
| SHELL PLC, SHELL USA, INC. AND WAYNE HUNT, | § § § | 4:25-cv-04042 |
| *Defendants.* | § § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Shell PLC ("Shell PLC"), Shell USA, Inc. ("Shell USA"), and Wayne Hunt ("Hunt") (collectively "Defendants"), file their Original Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

## INTRODUCTION TO DEFENDANTS' ANSWER

Shell[1] bases its employment decisions on qualifications, not quotas and "immutable characteristics" as Plaintiffs falsely claim. Indeed, Shell recognizes that ***all*** classifications, including those based on an employee's race, color, ethnicity and/or national origin, are protected by state and federal law, as well as Shell's own policies and practices. Charitably put, Plaintiffs' allegations in this lawsuit are rife with misrepresentations about the reorganization and about Shell's DE&I policies. Inclusion at Shell is for everyone. Shell recognizes the value of diversity, defining it not just as race or gender, but as the rich combination of visible and invisible differences

---

[1] For purposes of this Introduction only, Shell PLC and Shell USA are referred to as "Shell."

that make everyone unique. Accordingly, Shell USA's employment decisions at issue in this case were based on legitimate, non-discriminatory and non-retaliatory factors and Plaintiffs' claims fail.

### ANSWER

1.      Defendants admit that Taylor is an experienced corporate security professional, has worked for Shell USA for 16 years, has been employed by Shell USA, Inc., in the Corporate Security Division based in Houston, Texas, since November 16, 2021, and is an American Citizen and a White male.

2.      Defendants deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint, except admit that Romak was employed in Shell USA Corporate Security for three years, began her employment as an Administrative Assistant on December 27, 2010, and identifies as a White female, is an American citizen, and a military veteran.

3.      Defendants deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint, except admit that Hutt joined Shell USA on November 21, 2011, was promoted by Hunt to U.S. Country Security Manager on October 1, 2021, identifies a White male (like Hunt), is an American citizen, and a veteran (like Hunt, who is a British military veteran).

4.      Defendants deny the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Defendants deny the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

7.      Defendants deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendants deny the allegations in Paragraph 8 of Plaintiffs' Amended Complaint, except admit that Taylor and Romak, like Chevez, had to apply for newly created positions as part of the reorganization.

9.      Defendants deny the allegations in Paragraph 9 of Plaintiffs' Amended Complaint, except admit that Chevez is a Hispanic female and, like Romak, began her career as an Administrative Assistant, before moving into Corporate Security.

10.      Defendants deny the allegations in Paragraph 10 of Plaintiffs' Amended Complaint including that Velazquez was substantively "found unqualified" as inferred in Paragraph 10, except admit Velazquez is a Hispanic female and was initially assigned the Security Advisor West role, for which Taylor had applied, but was ultimately reassigned to a different role.

11.      Defendants admit that Hunt subsequently assigned Velazquez as the Country Security Manager for Mexico as referenced in Paragraph 11 of Plaintiffs' Amended Complaint.

12.      Defendants deny the allegations in Paragraph 12 of Plaintiffs' Amended Complaint, except admit that Erazo, a Hispanic male, who was a contractor, remained in the West and assumed the newly created Security Advisor West role.

13.      Defendants deny the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14.      Defendants deny the allegations in Paragraph 14 of Plaintiffs' Amended Complaint, except admit that Jackson is a Black man and became the U.S. Country Security Manager.

15.      Defendants deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint, except admit that Taylor accepted the Security Advisor East position and relocated to Pennsylvania.

16.      Defendants admit the allegations in Paragraph 16 of Plaintiffs' Amended Complaint, except clarify that Romak was not selected for the Houston-based role.

17.      Defendants admit the allegations in Paragraph 17 of Plaintiffs' Amended Complaint that Hunt gifted Romak an item of Delft pottery, which is a tradition within Corporate

Security when an employee's employment ends, due to a long-standing practice designed to respect the departing employee's service and that pre-dates Hunt.

18.     Defendants admit the allegations in Paragraph 18 of Plaintiffs' Amended Complaint that Hutt and Romak were terminated in the reorganization, that Hutt was Romak's and Taylor's direct manager, and that Hutt's last day was May 31, 2025.

19.     Defendants admit the allegations in Paragraph 19 of Plaintiffs' Amended Complaint that Hunt gifted Hutt an item of Delft pottery, which is a tradition within Corporate Security for the reasons described in Paragraph 17 above. Defendants deny that Hunt purchased the Delft pottery.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint, except admit that due to a long-standing practice within Corporate Security that pre-dated Hunt, Delft pottery is traditionally given to departing employees in recognition of and out of respect for their service.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint, except admit that Hunt approved Taylor's transfer to Pennsylvania and that Taylor requested bereavement leave.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

## **NAMED PARTIES**

23.     Defendants admit that Romak is accurately described in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     Defendants admit Taylor is accurately described in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Defendants admit that Shell PLC is accurately described in Paragraph 25 of Plaintiffs' Amended Complaint.

26.     Defendants deny that Shell PLC has over 500 employees as stated in Paragraph 26 of Plaintiffs' Amended Complaint, but admit that it is a public limited company, incorporated under the laws of England and Wales, and whose registered office is Shell Centre, London, SE1 7NA, United Kingdom.

27.     Defendants admit that Shell USA is accurately described in Paragraph 27 of Plaintiffs' Amended Complaint.

28.     Defendants admit that Shell USA has over 500 employees as stated in Paragraph 28 of Plaintiffs' Amended Complaint.

29.     Defendants admit that Hunt was and is the Regional Security Manager for Corporate Security at Shell USA and that as such, Hunt supervises Corporate Security in the Americas for Shell USA as stated in Paragraph 29 of Plaintiffs' Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiffs' Amended Complaint, except admit that Hunt was the RSM, "oversaw the reorganization," and reported to Manning, Vice President, Corporate Security.

## JURISDICTION

31.     Defendants deny all liability but admit that the Court has subject matter jurisdiction and that Plaintiffs assert the claims identified in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of Plaintiffs' Amended Complaint, except agree that venue is proper in this District.

33.     Defendants deny all liability and deny that Plaintiffs are entitled to any damages but admit that Plaintiffs nonetheless seek the damages articulated in Paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendants deny all liability and deny that Plaintiffs are entitled to declaratory relief but admit that Plaintiffs nonetheless seek the relief articulated in Paragraph 34 of Plaintiff's Amended Complaint.

## SHELL USA'S DIVERSITY EFFORTS

35.     Defendants deny the allegations in Paragraph 35 of Plaintiffs' Amended Complaint. Shell USA has a separate website, https://www.shell.us, and it is a blatant misrepresentation to say that Shell PLC's and Shell USA's "promotion, hiring, and employment practices" are "motivated by individuals' immutable race and sex characteristics." Shell USA is committed to equal opportunity and creating a workplace where everyone feels valued and respected.  The website cited by Plaintiffs reflects the belief that promoting a diverse, equitable and inclusive workforce, on one hand, and complying with equal opportunity laws, on the other, are harmonious endeavors.

36.     Defendants deny the allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of Plaintiffs' Amended Complaint, except admit that Shell PLC has established a Global Council for Race ("Council"), focused on inclusion globally, but the Council does not direct hiring recommendations or decisions in its capacity as a Council. Defendants also admit that Shell PLC and Shell USA *aspire* to have a workforce that reflects the communities in which they operate, although this aspiration does not limit, or eliminate, their insistence on basing employment decisions on qualifications and complying with all applicable laws and regulations.

38.     Defendants deny that Shell PLC and Shell USA "admit[] to maintaining race and ethnicity action plans" as stated in Paragraph 38 of Plaintiffs' Amended Complaint and *the website Plaintiffs link in footnote 2 says nothing of the sort*.

39.     Defendants deny the allegations in Paragraph 38 of Plaintiffs' Amended Complaint. In particular, Plaintiffs *falsely* represent that the 2024 Annual Report and Accounts "admits or affirms" to a practice of using race, color or sex in its employment decisions. *The 2024 Annual Report and Accounts contains no such admissions and affirmations*.

40.     Defendants deny the allegations in Paragraph 40 of Plaintiffs' Amended Complaint. *Shell USA bases its employment decisions on qualifications, not quotas*.

41.     Defendants deny the allegations in Paragraph 41 of Plaintiffs' Amended Complaint, except admit that Shell PLC has a Council that is supported by an Employee Advisory Board.

42.     Defendants admit the allegations in Paragraph 42 of Plaintiffs' Amended Complaint that the statement in the 2024 Annual Report articulates the aspiration that the workforce "reflect the communities in which we work."

43.     Defendants deny the allegations in Paragraph 43 of Plaintiffs' Amended Complaint, except admit that, in compliance with U.K. regulatory requirements, Shell PLC aspires to have at least one Board member from an ethnic minority background, while acknowledging that this may not always be possible in periods of Board change.

44.     Defendants admit the allegations in Paragraph 44 of Plaintiffs' Amended Complaint and note that Shell PLC has a total of 13 Board Members, three of whom identify as ethnic minorities.  Further, the only EC member (out of nine EC Members) who identifies as an ethnic minority is also one of the three Board Members who identify as ethnic minorities.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiffs' Amended Complaint, except admit that at the end of 2024 15% of senior management in the UK identified as ethnic minorities. Defendants note that Plaintiffs disingenuously do not mention that, as noted in the 2024 Annual Report and Accounts, the 15% statistic reflects senior leadership *based in the UK only*.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiffs' Amended Complaint, except admit that Shell PLC aspires to achieve 15% ethnic minority group representation in its Senior Management in the U. K. by 2027. Plaintiffs again fail to tell the complete story, that the 15% statistic reflects goals for the UK only.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendants deny that Manning and Hunt served "together" but admit that they both served in the British Military as stated in Paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendants admit that Hunt reports to Manning as stated in Paragraph 49 of Plaintiff's Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

## BACKGROUND – SHELL

51.     Defendants admit that per Shell USA policies, a reorganization at Shell USA must be conducted with Human Resources involvement as stated in Paragraph 51 of Plaintiffs' Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of Plaintiffs' Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiffs' Amended Complaint. It is blatantly false that any "incumbent preference" existed with regard to the reorganization.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiffs' Amended Complaint. It is blatantly false that any "employee preference" existed with regard to the reorganization.

**Plaintiff Taylor's Background**

55.     Defendants deny that Taylor was ever hired by or employed by Shell PLC. Defendants otherwise lack sufficient information to form a belief regarding the allegations in Paragraph 55 of Plaintiffs' Amended Complaint and therefore deny them.

56.     Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 56 of Plaintiffs' Amended Complaint and therefore deny them.

57.     Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 57 of Plaintiffs' Amended Complaint and therefore deny them.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiffs' Amended Complaint as worded.  Defendants admit that Taylor was hired by Shell USA on September 21, 2009, as a Site Security Manager at the Shell Woodcreek office at 150 N. Dairy Ashford, Houston, Texas.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiffs' Amended Complaint, except admit that from 2009 forward Taylor received promotions, salary increases, and increased responsibility.

60.     Defendants admit that Hunt selected Taylor for a Shell USA U.S. Security Advisor role in Corporate Security and that Taylor commenced that role on November 16, 2021, as stated in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiffs' Amended Complaint, except admit that Taylor received "Strong" performance reviews from 2019 through 2024.[2]

---

[2] ªShell's performance review ratings are Outstanding, Higher, Strong, Lower, and Unacceptable.  A "Strong" rating indicates that the employee at issue met expectations and the majority (approx. 75-80% of Shell USA staff) fall in this range.

63.    Defendants admit that Taylor reported to Hutt, who in turn reported to Hunt as stated in Paragraph 63 of Plaintiffs' Amended Complaint.

64.    Defendants deny the allegations in Paragraph 64 of Plaintiffs' Amended Complaint, except admit that Hutt inappropriately recommended that Taylor receive an "Outstanding" performance rating and that the ranking panel rejected Hutt's recommendation, resulting in a "Strong" rating to accurately reflect Taylor's performance.

65.    Defendants deny the allegations in Paragraph 65 of Plaintiffs' Amended Complaint, except admit that Hutt's inappropriate favoritism towards Taylor may have continued.

66.    Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 66 of Plaintiffs' Amended Complaint and therefore deny them.

67.    Defendants admit that Taylor participated in the listed courses but deny that the items listed in Paragraph 67 of the Plaintiffs' Amended Complaint are "certifications."

### Plaintiff Romak's Background

68.    Defendants lack information sufficient to form a belief regarding the allegations in Paragraph 68 of Plaintiffs' Amended Complaint and therefore deny them, except admit that Romak is a military veteran.

69.    Defendants admit that Shell USA knew that Romak was a veteran, that Romak had identified herself as such, that Romak was a member of Shell USA's MILNET, and that Romak included her dates of service on her resume when applying for Corporate Security in 2022 as stated in Paragraph 69 of Plaintiffs' Amended Complaint.

70.    Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 70 of Plaintiffs' Amended Complaint and therefore deny them.

71.    Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 71 of Plaintiffs' Amended Complaint and therefore deny them.

72.    Defendants lack sufficient information to form a belief regarding the allegations in Paragraph 72 of Plaintiffs' Amended Complaint and therefore deny them.

73.    Defendants deny the allegations in Paragraph 73 of Plaintiffs' Amended Complaint, except admit that Shell Energy Resources hired Romak on December 27, 2010, as an Administrative Assistant at a Job Group 8 compensation grade.

74.    Defendants deny the allegations in Paragraph 74 of Plaintiffs' Amended Complaint.

75.    Defendants deny the allegations in Paragraph 75 of Plaintiffs' Amended Complaint.

76.    Defendants deny the allegations in Paragraph 76 of Plaintiffs' Amended Complaint as worded, except admit that on August 1, 2022, Romak began her role in Shell USA Corporate Security as a Security Advisor.

77.    Defendants admit that as a Security Advisor Romak reported to Hutt, who in turn reported to Hunt as stated in Paragraph 77 of Plaintiffs' Amended Complaint.

78.    Defendants admit that Romak participated in the listed courses but deny that they are "certifications" as alleged in Paragraph 78 of Plaintiffs' Amended Complaint.

79.    Defendants admit that Romak participated in the listed courses but deny that they are "certifications" as alleged in Paragraph 79 of Plaintiffs' Amended Complaint.

80.    Defendants deny the allegations in Paragraph 80 of Plaintiff's Amended Complaint, except admit that that Romak initially served as a contractor and received some special recognition awards.

81.    Defendants deny the allegations in Paragraph 81 of Plaintiffs' Amended Complaint, except that Defendants admit that Hutt inappropriately recommended the "Higher" rating which

was rejected by the ranking panel and that Romak was rated "Strong" to accurately reflect Romak's performance.

## MR. HUNT'S DISCRIMINATORY REORGANIZATION

### (Defendants deny this)

82.     Defendants admit that in October 2024 Hunt began planning a reorganization of the Shell USA U.S.CS Team as stated in Paragraph 82 of Plaintiffs' Amended Complaint.

83.     Defendants deny the allegations in Paragraph 83 of Plaintiffs' Amended Complaint, except that Defendants admit that on January 1, 2025, Chevez moved from Trading & Supply to Corporate Security.

84.     Defendants admit that Chevez began working at Shell USA in 1997 as an Administrative Assistant (like Romak) and continued in that role through May 2011 as stated in Paragraph 84 of Plaintiffs' Amended Complaint but deny that Chevez remained "in a starting pay grade" through May 2011.

85.     Defendants deny the allegations in Paragraph 85 of Plaintiffs' Amended Complaint, except admit that Chevez held multiple global and regional roles including Regional Security Assurance Analyst and that while she had no physical security duties, she did receive training to move to a security management role.

86.     Defendants deny the allegations in Paragraph 86 of Plaintiffs' Amended Complaint, except admit that Chevez worked within Trading & Supply during this period as a Security Advisor and that she was responsible for the security of its Assets, including regulated facilities.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiffs' Amended Complaint.

88.     Defendants admit the allegations in Paragraph 88 of Plaintiff's Amended Complaint.

89.    Defendants deny the allegations in Paragraph 89 of Plaintiffs' Amended Complaint, except admit that Chevez was transferred to Corporate Security on January 1, 2025, which was compliant with Shell USA policies.

90.    Defendants admit that Hunt announced the reorganization on January 9, 2025, as stated in Paragraph 90 of Plaintiffs' Amended Complaint.

91.    Defendants admit the allegations in Paragraph 91 of Plaintiffs' Amended Complaint. Defendants further state that Chevez was required to do a written assessment at the same time, and for the same reasons, as Romak and Taylor.

92.    Defendants deny the allegations in Paragraph 92 of Plaintiffs' Amended Complaint.

93.    Defendants admit the allegations in Paragraph 93 of Plaintiffs' Amended Complaint.

94.    Defendants deny the allegations in Paragraph 94 of Plaintiffs' Amended Complaint, except that Defendants admit that Plaintiffs filed internal complaints that lacked merit.

95.    Defendants admit the allegations in Paragraph 95 of Plaintiffs' Amended Complaint and clarify that the coaching sessions were part of Chevez's onboarding into the Corporate Security group and not to prepare Chevez for the interview process.

96.    Defendants admit the allegations in Paragraph 96 of Plaintiffs' Amended Complaint because Taylor and Romak were already aware of the coaching opportunities.

97.    Defendants admit that Hunt told all personnel impacted by the reorganization, including Romak, Taylor, Chevez, and Velazquez that a written assessment would be used as part of the reorganization process as indicated in Paragraph 97 of Plaintiffs' Amended Complaint.

98.    Defendants deny the allegations in Paragraph 98 of Plaintiffs' Amended Complaint.

99.    Defendants deny the allegations in Paragraph 99 of Plaintiffs' Amended Complaint.

100.    Defendants deny the allegations in Paragraph 100 of Plaintiffs' Amended Complaint.

101.    Defendants deny the allegations in Paragraph 101 of Plaintiffs' Amended Complaint. Further, Chevez is the only employee identified in Paragraph 101 of Plaintiffs' Amended Complaint who was subject to the reorganization.

102.    Defendants admit the allegations in Paragraph 102 of Plaintiffs' Amended Complaint but deny that Hunt gave such direction to Olivarez.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiffs' Amended Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiffs' Amended Complaint.

105.    Defendants deny the allegations in Paragraph 105 of Plaintiffs' Amended Complaint, except admit that Hunt again notified all employees involved in the assessment process of the written assessments on February 7, 2025.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiffs' Amended Complaint.

107.    Defendants admit the allegations in Paragraph 107 of Plaintiffs' Amended Complaint.

108.    Defendants deny the allegations in Paragraph 108 of Plaintiffs' Amended Complaint.

109.    Defendants deny allegations in Paragraph 109 of Plaintiffs' Amended Complaint, except admit that Chevez received the Security Advisor South role.

110.    Defendants admit that Hunt determined that Jackson would receive the Country Security Manager role instead of Hutt as stated in Paragraph 110 of Plaintiffs' Amended Complaint.

111.    Defendants deny the allegations in Paragraph 111 of Plaintiffs' Amended Complaint, except that Defendants admit that Jackson returned from a Lagos, Nigeria expatriate assignment.

112.    Defendants admit the allegations in Paragraph 112 of Plaintiffs' Amended Complaint.

113.    Defendants deny the allegations in Paragraph 113 of Plaintiffs' Amended Complaint. Specifically, Hutt should not have been the "preferred candidate" because of his Lower performance ratings. Defendants admit that Hutt was terminated on June 1, 2025.

114.    Defendants deny the allegations in Paragraph 114 of Plaintiffs' Amended Complaint, except that Defendants admit that regional security personnel were not part of the reorganization.

115.    Defendants deny the allegations in Paragraph 115 of Plaintiffs' Amended Complaint and further state that Romak was interviewed by a panel of three persons for the reorganization.

116.    Defendants admit that Romak received an email on March 3, 2025, that she was not selected to continue in "her role" since "her role" had been eliminated and she was not selected for any of the available positions. As corrected, Defendants admit allegations in Paragraph 116 of Plaintiffs' Amended Complaint.

117.    Defendants admit that Romak received notification that her internal complaint had been found unsubstantiated as indicated in Paragraph 117 of Plaintiffs' Amended Complaint.

118.     Defendants admit that Taylor was likewise notified that his internal complaint had been found unsubstantiated as indicated in Paragraph 118 of Plaintiffs' Amended Complaint.

119.     Defendants deny that Hunt promoted Velazquez and deny that the Country Security Manager position was part of the reorganization.  Defendants admit that Hunt created the new location-based positions in the U.S. as described in Paragraph 119 of Plaintiffs' Amended Complaint.

120.     Defendants admit that prior to the reorganization the U.S. Security Advisors were based in Houston as stated in Paragraph 120 of Plaintiffs' Amended Complaint at Shell USA's headquarters, which did not change after the reorganization.

121.     Defendants admit the allegations in Paragraph 121 of Plaintiffs' Amended Complaint.

122.     Defendants deny the allegations as worded in Paragraph 122 of Plaintiffs' Amended Complaint because Velazquez was substantively qualified for the Security Advisor West role, but circumstances evolved making her unavailable to take the role.

123.     Defendants admit the allegations in Paragraph 123 of Plaintiffs' Amended Complaint, except that Defendants deny the suggestion that Hunt "realize[d]" that Valezquez was not substantively qualified for the role.

124.     Defendants admit the allegations in Paragraph 124 of Plaintiffs' Amended Complaint, and further state that Velazquez took the written assessment when applying for the Security Advisor West role.

125.     Defendants deny the allegations in Paragraph 125 of Plaintiffs' Amended Complaint, except admit that Chevez, Erazo, and Taylor were assigned the roles described in this Paragraph.

126.    Defendants admit the allegations in Paragraph 126 of Plaintiffs' Amended Complaint.

127.    Defendants admit the allegations in Paragraph 127 of Plaintiffs' Amended Complaint.

128.    Defendants deny the allegations in Paragraph 128 of Plaintiffs' Amended Complaint, except admit that Hunt chose Chevez for the South role.

129.    Defendants deny the allegations in Paragraph 129 of Plaintiffs' Amended Complaint.

130.    Defendants deny the allegations in Paragraph 130 of Plaintiffs' Amended Complaint, except admit that Taylor did not receive the West role.

131.    Defendants admit that Hunt announced that Erazo would act as the Security Advisor for the West region as indicated in Paragraph 131 of Plaintiffs' Amended Complaint.

132.    Defendants deny the allegations in Paragraph 132 of Plaintiffs' Amended Complaint.

133.    Defendants deny the allegations in Paragraph 133 of Plaintiffs' Amended Complaint.

134.    Defendants lack information about what Hutt allegedly stated and deny this allegation but admit that Hutt unfairly favored Taylor and Romak and thus gave inaccurate input about their qualifications and performance as alleged in Paragraph 134 of Plaintiffs' Amended Complaint.

135.    Defendants deny the allegations in Paragraph 135 of Plaintiffs' Amended Complaint.

136.     Defendants deny the allegations in Paragraph 136 of Plaintiffs' Amended Complaint.

137.     Defendants lack information sufficient to state a belief as to the allegations in Paragraph 137 of Plaintiffs' Amended Complaint and therefore deny them.

138.     Defendants deny the allegations in Paragraph 138 of Plaintiffs' Amended Complaint and further note that Erazo is not a Shell USA employee and has not been hired by Shell USA.

139.     Defendants deny the allegations in Paragraph 139 of Plaintiffs' Amended Complaint, except that Defendants admit that Romak was not selected for any roles and terminated on June 1, 2025.

140.     Defendants deny the allegations in Paragraph 140 of Plaintiffs' Amended Complaint.

141.     Defendants admit the allegations in Paragraph 141 of Plaintiffs' Amended Complaint, but note that VEVRAA does not require terminating more qualified employees to affirmatively create a position for a covered veteran.

142.     Defendants deny the allegations in Paragraph 142 of Plaintiffs' Amended Complaint, except that Defendants admit that Hunt gave Delft pottery to Romak and Hutt, adhering to long-standing Corporate Security tradition as described above.

## CLAIMS FOR RELIEF

### COUNT 1

### Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981
### *(Both Plaintiffs)*

143.     Defendants repeat and reassert each and every response in the Paragraphs above as if fully set forth here.

144.    Defendants admit the allegations in Paragraph 144 of Plaintiffs' Amended Complaint.

145.    Defendants deny the allegations in Paragraph 145 of Plaintiffs' Amended Complaint.

146.    Defendants deny the allegations in Paragraph 146 of Plaintiffs' Amended Complaint.

147.    Defendants deny the allegations in Paragraph 147 of Plaintiffs' Amended Complaint.

148.    Defendants deny the allegations in Paragraph 148 of Plaintiffs' Amended Complaint.

149.    Defendants deny the allegations in Paragraph 149 of Plaintiffs' Amended Complaint.

150.    Defendants deny the allegations in Paragraph 150 of Plaintiffs' Amended Complaint.

151.    Defendants deny the allegations in Paragraph 151 of Plaintiffs' Amended Complaint.

152.    Defendants deny the allegations in Paragraph 152 of Plaintiffs' Amended Complaint.

153.    Defendants deny the allegations in Paragraph 153 of Plaintiffs' Amended Complaint.

154.    Defendants deny the allegations in Paragraph 154 of Plaintiffs' Amended Complaint.

155.    Defendants deny the allegations in Paragraph 155 of Plaintiffs' Amended Complaint.

156.    Defendants deny the allegations in Paragraph 156 of Plaintiffs' Amended Complaint.

157.    Defendants deny the allegations in Paragraph 157 of Plaintiffs' Amended Complaint.

## COUNT II

### Title VII of the Civil Rights Act of 1965 [sic], 42 U.S.C. §§ 2000e *et seq.*
### *Race, Ethnicity, National Origin, and Color as Motivating Factors in Employment Practices*
### *(Plaintiff Taylor)*

158.    Defendants repeat and reassert each and every response in the Paragraphs above as if fully set forth here.

159.    Defendants admit that Taylor identifies as a White male as stated in Paragraph 159 of Plaintiffs' Amended Complaint.

160.    Defendants deny the allegations in Paragraph 160 of Plaintiffs' Amended Complaint.

161.    Defendants deny the allegations in Paragraph 161 of Plaintiffs' Amended Complaint.

162.    Defendants deny the allegations in Paragraph 162 of Plaintiffs' Amended Complaint.

163.    Defendants admit that Manning announced the three new Security Advisor positions and Romak's and Hutt's departures to the Corporate Security organization as stated in Paragraph 163 of Plaintiffs' Amended Complaint.

164.    Defendants deny the allegations in Paragraph 164 of Plaintiffs' Amended Complaint, except admit that Hunt selected Colombo to replace the referenced Regional Security Advisor based in Houston after the Regional Security Advisor elected voluntary redundancy.

165.    Defendants deny the allegations in Paragraph 165 of Plaintiffs' Amended Complaint.

166.    Defendants deny the allegations in Paragraph 166 of Plaintiffs' Amended Complaint.

167.    Defendants deny the allegations in Paragraph 167 of Plaintiffs' Amended Complaint.

168.    Defendants deny the allegations in Paragraph 168 of Plaintiffs' Amended Complaint, except admit that Taylor was required to relocate to Pennsylvania.

169.    Defendants lack information sufficient to form a belief regarding the allegations in Paragraph 169 of Plaintiffs' Amended Complaint and therefore deny them.

170.    Defendants deny the allegations in Paragraph 170 of Plaintiffs' Amended Complaint, except admit that Hunt approved Taylor's relocation.

171.    Defendants deny the allegations in Paragraph 171 of Plaintiffs' Amended Complaint.

172.    Defendants deny the allegations in Paragraph 172 of Plaintiffs' Amended Complaint, except admit that Taylor filed a charge against Shell USA only.

173.    Defendants deny the allegations in Paragraph 173 of Plaintiffs' Amended Complaint, except admit that Taylor filed a charge against Shell USA only.

174.    Defendants deny the allegations in Paragraph 174 of Plaintiffs' Amended Complaint, except admit that a notice of right to sue issued as to Shell USA only.

175.    Defendants deny the allegations in Paragraph 175 of Plaintiffs' Amended Complaint.

176.    Defendants deny the allegations in Paragraph 176 of Plaintiffs' Amended Complaint. Additionally, Plaintiffs misquote *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 600 US. 181, 220 (2023), as the precise quote Plaintiffs assert is not in the opinion.  Further, there is no such quote in *Price v. Valvoline, L.L.C.*, 88 F. 4th 1062, 1068 (5th Cir. 2023).

177.    Paragraph 177 of Plaintiffs' Amended Complaint requires no response.

178.    Paragraph 178 of Plaintiffs' Amended Complaint requires no response.

179.    Defendants deny the allegations in Paragraph 179 of Plaintiffs' Amended Complaint.

## COUNT III

### Title VII of the Civil Rights Act of 1965 [sic], 42 U.S.C. § 2000e *et seq.*
### *Race, Ethnicity, National Origin, and Color as Motivating Factors in Employment Practices*
### *(Plaintiff Romak)*

180.    Defendants repeat and reassert each allegation in the Paragraphs above as if fully set forth here.

181.    Defendants admit that Romak identifies as a White female as stated in Paragraph 181 of Plaintiffs' Amended Complaint.

182.    Defendants deny the allegations in Paragraph 182 of Plaintiffs' Amended Complaint.

183.    Defendants deny the allegations in Paragraph 183 of Plaintiffs' Amended Complaint.

184.    Defendants deny the allegations in Paragraph 184 of Plaintiffs' Amended Complaint, except admit that Romak was not selected for any positions and was thus terminated.

185.    Defendants deny the allegations in Paragraph 185 of Plaintiffs' Amended Complaint.

186.    Defendants deny the allegations in Paragraph 186 of Plaintiffs' Amended Complaint.

187.    Defendants deny the allegations in Paragraph 187 of Plaintiffs' Amended Complaint.

188.    Defendants deny the allegations in Paragraph 188 of Plaintiffs' Amended Complaint.

189.    Defendants deny the allegations in Paragraph 189 of Plaintiffs' Amended Complaint.

190.    Defendants admit that Manning announced the three new Security Advisor positions and Romak's and Hutt's departures to the Corporate Security organization as stated in Paragraph 190 of Plaintiffs' Amended Complaint.

191.    Defendants deny the allegations in Paragraph 191 of Plaintiffs' Amended Complaint, except admit that Romak was not selected for any position and was terminated.

192.    Defendants admit the allegations in Paragraph 192 with the clarification that Hunt gave Romak Delft pottery consistent with long-standing Corporate Security tradition with respect to departing Corporate Security employees, as described elsewhere in this Answer.

193.    Defendants deny the allegations in Paragraph 193 of Plaintiffs' Amended Complaint, except admit that the Delft pottery was designed to respect long-standing Corporate Security tradition as described elsewhere in this Answer.

194.    Defendants deny allegations in Paragraph 194 of Plaintiffs' Amended Complaint, except admit that Romak filed a charge against Shell USA only.

195.    Defendants deny the allegations in Paragraph 195 of Plaintiffs' Amended Complaint, except admit that a notice of right to sue issued as to Shell USA only.

196.    Defendants deny the allegations in Paragraph 196 of Plaintiffs' Amended Complaint.

197.    Defendants deny the allegations in Paragraph 197 of Plaintiffs' Amended Complaint.

## COUNT IV

### Retaliation
### Title VII of the Civil Rights Act of 1965 [sic], 42 U.S.C. § 2000e-3
### *(Plaintiff Romak)*

198.    Defendants repeat and reassert each allegation in the Paragraphs above as if fully set forth here.

199.    Defendants admit the allegations in Paragraph 199 of Plaintiffs' Amended Complaint.

200.    Defendants admit the allegations in Paragraph 200 of Plaintiffs' Amended Complaint.

201.    Defendants deny the allegations in Paragraph 201 of Plaintiffs' Amended Complaint, except admit that Romak's internal complaint constituted protected activity.

202.    Defendants deny the allegations in Paragraph 202 of Plaintiffs' Amended Complaint.

203.    Defendants admit the allegations in Paragraph 203 of Plaintiffs' Amended Complaint.

204.    Defendants admit the allegations in Paragraph 204 of Plaintiffs' Amended Complaint.

205.    Defendants deny the allegations in Paragraph 205 of Plaintiffs' Amended Complaint.

206.    Defendants deny the allegations in Paragraph 206 of Plaintiffs' Amended Complaint.

207.    Defendants deny the allegations in Paragraph 207 of Plaintiffs' Amended Complaint, except admit that Romak filed a charge against Shell USA only.

208.    Defendants deny the allegations in Paragraph 208 of Plaintiffs' Amended Complaint, except admit that a notice of right to sue issued as to Shell USA only.

## COUNT V

**Retaliation**
**Title VII of the Civil Rights Act of 1965 [sic], 42 U.S.C. § 2000e-3**
*(Plaintiff Taylor)*

209.    Defendants repeat and reassert each allegation in the Paragraphs above as if fully set forth here.

210.    Defendants admit that Taylor made the allegations stated in Paragraph 210 of Plaintiffs' Amended Complaint but deny that the allegations had any merit.

211.    Defendants deny the allegations in Paragraph 211 of Plaintiffs' Amended Complaint, except admit that Romak's complaint constituted protected activity.

212.    Defendants deny the allegations in Paragraph 212 of Plaintiffs' Amended Complaint, except admit that Taylor did not receive "his preferred job."

213.    Defendants deny the allegations in Paragraph 213 of Plaintiffs' Amended Complaint.

214.    Defendants deny the allegations in Paragraph 214 of Plaintiffs' Amended Complaint.

215.    Defendants deny the allegations in Paragraph 215 of Plaintiffs' Amended Complaint, except admit that Taylor filed a charge against Shell USA only.

216.    Defendants deny the allegations in Paragraph 216 of Plaintiffs' Amended Complaint, except admit that a notice of rights issued as to Shell USA only.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief in this case, including the relief requested in the PRAYER FOR RELIEF section of Plaintiffs' Amended Complaint. Defendants further will seek judgment against Plaintiffs on all of their claims and Defendants' costs and attorneys' fees and any other relief to which Defendants are entitled.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs' claims should be dismissed, in whole or in part, because the First Amended Complaint does not state a claim upon which relief can be granted.

2.    Plaintiffs' Title VII claims against Shell PLC should be dismissed because Plaintiffs did not exhaust the required administrative remedies against Shell PLC for Plaintiffs' Title VII claims.

3.    Plaintiffs' Title VII claims against Shell PLC should be dismissed, in whole or in part, because such claims are barred by the applicable statute of limitations.

4.    Plaintiffs' § 1981 claims against Shell PLC should be dismissed, in whole or in part, because such claims are barred by the applicable statute(s) of limitations.

5.    Plaintiffs have failed to mitigate or minimize their alleged damages and are therefore barred, in whole or in part, from the recovery of damages.

6. Defendants are entitled to an offset for any earnings since Plaintiffs' employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

7. Plaintiffs' claims for compensatory and punitive/exemplary damages are capped or limited by applicable law.

8. Plaintiffs' claims for exemplary damages are barred because the alleged acts or omissions of Defendants, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiffs' protected rights, and are not so wanton and willful as to support an award of exemplary damages.

9. Plaintiffs' claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

10. Defendants engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiffs, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiffs fail to state a claim for punitive or exemplary damages.

11. Plaintiffs' claims are barred, in whole or in part, because Defendants would have taken the same action in the absence of any alleged impermissible motivating and/or "but for" factor(s).

12. Defendants specifically reserve the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiffs' claims as the need for such defenses becomes known.

Respectfully submitted,


**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Scott R. McLaughlin*
Scott R. McLaughlin
Attorney-in-Charge
Texas Bar No. 00791234
Federal ID No. 18138
scott.mclaughlin@ogletree.com
Marlene C. Williams, Of Counsel
Texas Bar No. 24001872
Federal ID No. 22824
marlene.williams@ogletree.com
Brooke E. Jones, Of Counsel
Texas Bar No. 24107537
Federal ID No. 3342076
brooke.jones@ogletree.com
One Allen Center
500 Dallas Street, Suite 2100
Houston, Texas 77002
Telephone:  (713) 655-5752
Facsimile:  (713) 655-0020

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas – Houston Division, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following CM/ECF participants:

*/s/Scott R. McLaughlin*
Scott R. McLaughlin